**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIMOTHY BRINKLEY,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Civil Case Number:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**(1) FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff TIMOTHY BRINKLEY ("Plaintiff") brings this action for actual damages, punitive damages, statutory damages, attorney's fees and costs, injunctive relief, and any

other relief the court deems just and proper against Defendant(s) VERIZON COMMUNICATIONS, INC. ("Verizon"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and TRANSUNION, LLC ("TransUnion") (together the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. stemming from Defendants' inaccurate credit reporting.

3. This action arises out of Defendants' unlawful reporting of an inactive Verizon account as delinquent and their failure to conduct a reasonable investigation after receiving notice of Plaintiff's dispute, resulting in the continued reporting of inaccurate information.

4. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principals, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 15 U.S.C. § 1681p (FCRA).

9. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391 because Defendant maintains is principal place of business and headquarters in New York, New York, and is a resident of the State of New York and within this District, such that it is subject to personal jurisdiction in this District. Defendant also conducts business within this District.

**PARTIES**

10. Plaintiff is a natural person who, at all relevant times alleged herein, resides in the City of Chesapeake, State of Virginia.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiff is also a "person" as defined by 15 U.S.C. § 1681a(b).

13. This case involves Plaintiff's "consumer credit report" as that term is defined by 15 U.S.C. § 1681a(d)(1) in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information to and by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

14. Upon information and belief, Defendant Verizon is a global communications technology company and is a "person" as defined by 15 U.S.C. § 1681a(b).

15. Upon information and belief, Defendant Verizon is a New York Corporation with its principal place of business is located at: 1095 Avenue of the Americas, New York, NY 10036.

16. Verizon is also a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Upon information and belief, Experian is a California corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

18. Upon information and belief, Equifax is a limited liability company located in the State of Georgia and is a "person" as defined by 15 U.S.C. § 1681a(b).

19. Upon information and belief, Trans Union is a corporation located in the State of Illinois and is a "person" as defined by 15 U.S.C. § 1681a(b).

20. Equifax, Trans Union, and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (Equifax, Trans Union, and Experian are collectively referred to as "Credit Reporting Agencies" or "CRAs").

## **FACTUAL ALLEGATIONS**

21. At all times relevant, Plaintiff is an individual residing within the State of Virginia.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conduct and continue to conduct business in the State of New York and within this District.

23. On or about April 13, 2024, Plaintiff went onto Verizon's website to sign up for a new mobile service.

24. Plaintiff was interested in Verizon's mobile service after receiving a promotional offer under which new customers could receive smartphones at no cost with the activation of new lines of service.

25. Plaintiff completed the online application process several times; however, each time he attempted to submit the order, Verizon's website generated an error and failed to complete the transaction.

26. Later that same day, Plaintiff contacted Verizon's sales department at (800) 880-1077.

27. A Verizon representative helped Plaintiff complete the transaction over the phone, including establishing the account, assigning phone numbers, processing the required payment, and arranging for the devices to be picked up from a local Suffolk Verizon retail store. This process resulted in the creation of partial account number 2980 (the "Inactive Account").

28. Plaintiff then went to the local Verizon retail store to pick up the devices, which included three smartphones and one smartwatch.

29. The Verizon representative attempted to activate the new lines of service; however, upon attempting activation, the representative was unable to activate any of the new lines of service associated with the Inactive Account.

30. Eventually, Verizon determined that the order and account set up process had failed in its internal system and advised Plaintiff that an entirely new order and account would need to be created.

31. During this process, Verizon informed Plaintiff that the pricing, promotions, and terms of service would remain the same and that the only substantive change would be the creation of a new account, new order, and new phone numbers.

32. Following Verizon's instructions, Plaintiff re-executed the required agreements and completed the setup process again in-store, which resulted in the creation of a second account identified by partial account number 3589 (the "Active Account").

33. The Verizon representative then successfully activated the devices in-store under the Active Account, and service became fully operational.

34. Thereafter, Plaintiff made timely monthly payments on the Active Account through automatic payments.

35. Then, on or about July 19, 2024, Plaintiff received an email from Verizon stating that there was "no activity on [his] new lines of service."

36. Plaintiff immediately contacted Verizon and was informed that the Inactive Account, which had been created during the failed activation process, remained open in Verizon's system.

37. Despite the fact that the service lines associated with the Inactive Account were never successfully activated and service was instead established under the current Active Account, Verizon failed to close the Inactive Account.

38. Plaintiff promptly disputed the Inactive Account and requested that it be canceled immediately.

39. Despite Plaintiff's requests, Defendant did not cancel the Inactive Account. Indeed, Plaintiff made several attempts to cancel the Inactive Account and associated charges, all of which were unsuccessful.

40. Then, in or around November 2024, Plaintiff was shocked to discover that Verizon had begun negatively reporting on the Inactive Account on his credit reports, starting in May 2024.

41. To resolve this issue, Plaintiff disputed the negative Inactive Account on or about November 30, 2024, June 1, 2025, and November 30, 2025, with Experian. Despite Plaintiff's efforts, the Inactive Account continued to be negatively furnished.

42. On or about May 7, 2026, Plaintiff sent formal dispute letters via certified mail return receipt requested to Verizon and the Credit Reporting Agencies. These letters included a detailed chronology of the events which led to Verizon's misleading and inaccurate negative reporting of the Inactive Account.

43. Included with Plaintiff's May 7, 2026, dispute was (1) copy of Plaintiff's credit report; and (2) a Verizon billing statement for the Active Account.

44. In addition to Plaintiff sending a formal dispute letter to Verizon directly, Plaintiff is also informed and believes and here upon alleges that the CRAs each notified Verizon of his disputes pursuant to their statutory obligations under 15 U.S.C. § 1681i(a)(2)(A).

45. The CRAs' notices are sufficient to initiate Verizon's reinvestigation requirement pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

46. On or about May 11, 2026, TransUnion received Plaintiff's dispute, and on or about May 13, 2026, Verizon received Plaintiff's dispute.

47. Equifax received Plaintiff's dispute on or about May 14, 2026, and Experian received Plaintiff's dispute on or about May 18, 2026.

48. Despite Plaintiff's formal written disputes, Defendants continue to report the Inactive Account as past due from May 2024 through June 2026. Specifically, Defendants continue to report the Inactive Account with an unpaid balance and/or amount due in the amount of $4,485.00.

49. Defendants have violated 15 U.S.C. § 1681i(a)(2)(A) and 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable reinvestigation into their respective reporting of the Inactive Account.

50. Had Defendants conducted even a cursory reinvestigation into the Inactive Account, they would have concluded that the Inactive Account should have been closed in April 2024 and that their continued reporting of the Inactive Account is therefore inaccurate.

51. Upon information and belief, as of the filing of this Complaint, Defendants failed to adhere to their statutory obligations and continue to report inaccurate information on Plaintiff's credit reports. Through this conduct, the CRAs have violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of Plaintiff's credit reports and credit files they publish and maintain concerning Plaintiff.

52. Additionally, through their conduct, the CRAs have also violated 15 U.S.C. § 1681(a)(4) by failing to review and consider all relevant information submitted by Plaintiff, and 15 U.S.C. § 1681(a)(5)(A) by failing to promptly delete the inaccurate information from Plaintiff's credit reports.

53. Through its conduct, Verizon has also violated 1681s-2(b)(1)((C)-(E) by failing to: (1) report the results of its investigation to the CRAs, (2) if the investigation found that the information was incomplete or inaccurate, report those results to all other consumer reporting agencies to which Verizon furnished such information; and (3) upon determining that the disputed information was inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that item of information.

54. Verizon has also violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff in his disputes to the CRAs and to Verizon itself.

55. Defendants' conduct alleged herein has caused Plaintiff emotional distress that continues through the present day as the Inactive Account continues to be inaccurately reported to Plaintiff's credit reports. Plaintiff's anxiety, frustration, stress, nervousness, anger, and embarrassment continue to this day because the inaccurate reporting of the Inactive Account mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score. Plaintiff has spent countless hours disputing this inaccurate information without success. Such harm will continue into the future unless Defendants are enjoined from this conduct as each Defendant continues to report the Inactive Account as late each month, despite Plaintiff submitting timely payments to the correct, Active Account. Based upon the allegations herein, Plaintiff contends that punitive damages are available to Plaintiff.

56. Since Plaintiff's efforts to correct his credit reports were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## ACTUAL DAMAGES

57. As a result of Defendants' actions, omissions, and willful action and inaction, Plaintiff has suffered damage by loss of credit, increased costs for credit, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

58. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation.

59. Furthermore, the Legislature enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. The banking system is dependent upon fair and accurate credit reporting; and inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

60. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system, protect consumer privacy, and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

61. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had the Legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**FIRST COUNT**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681E(B)**
**[AS TO EQUIFAX, EXPERIAN, AND TRANSUNION]**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained concerning Plaintiff.

64. As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages including without limitation: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

65. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were at a minimum negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**SECOND COUNT**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681I(A)(1)**
**[AS TO EQUIFAX, EXPERIAN, AND TRANSUNION]**

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Defendants violated 15 U.S.C. §1681i(a)(l) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit files.

69. As a result of the conduct, actions, and inactions of Defendants, Plaintiff suffered actual damages including without limitation: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

70. The conduct, actions, and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

71. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**THIRD COUNT**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681I(A)(4)**
**[AS TO EQUIFAX, EXPERIAN, AND TRANSUNION]**

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Defendants violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

74. As a result of the conduct, actions, and inactions of Defendants, Plaintiff suffered actual damages including loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

75. The conduct, actions and inactions by Defendants was willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## FOURTH COUNT
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(5)(A)
### [AS TO EQUIFAX, EXPERIAN, AND TRANSUNION]

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Defendants violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file.

79. As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages including without limitation, loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

80. The conduct, actions and inactions by Defendants was willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

81. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**FIFTH COUNT**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681S-2(B)(1)(A)**
**[AS TO VERIZON]**

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. Defendant Verizon violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or request the item to be permanently deleted from Plaintiff's credit files.

84. Accordingly, Verizon failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s- 2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

85. As a result of the conduct, actions and inactions of Verizon, Plaintiff suffered actual damages including without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

86. The conduct, actions, and inactions by Verizon were willful, rendering Verizon liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Verizon was negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

## SIXTH COUNT
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681S-2(B)(1)(B)
## [AS TO VERIZON]

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Verizon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff in the disputes to the credit reporting agencies and to Verizon itself.

90. As a result of the conduct, actions and inactions of Verizon, Plaintiff suffered actual damages including without limitation, loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

91. The conduct, actions and inactions by Verizon were willful, rendering Verizon liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Verizon was negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

92. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## SEVENTH COUNT
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681S-2(B)(1)(C)-(E)
## [AS TO VERIZON]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. Verizon violated 15 U.S.C. § 1681s-2(b)(1)(C)–(E) by willfully and/or negligently failing to:

a. report the results of its investigation to the consumer reporting agencies;

b. if the investigation found that the information was incomplete or inaccurate, report those results to all other consumer reporting agencies to which Verizon furnished such information; and

c. upon determining that the disputed information was inaccurate, incomplete, or could not be verified, promptly modify, delete, or permanently block the reporting of that item of information.

95. As a result of the conduct, actions, and inactions of Verizon, Plaintiff suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

96. The conduct, actions, and inactions by Verizon were willful, rendering Verizon liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Verizon was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney’s fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

a. An award of actual damages, in an amount to be determined at trial, including but not limited to loss of credit, financial harm, damage to reputation, embarrassment, humiliation, and emotional distress, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).

b. For statutory damages of up to $1,000 per violation for each incident of willful noncompliance with the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A).

c. For punitive damages, in an amount to be determined by the Court, against each Defendant for each incident of willful noncompliance with the FCRA pursuant to 15 U.S.C. § 1681n(a)(2).

d. For reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. §§ 1681n and 1681o.

e. For an order directing Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Verizon to immediately delete, correct, or permanently block the inaccurate and/or misleading information from Plaintiff's credit reports and files and to cease reporting such inaccurate information to any and all persons or entities to whom they furnish consumer credit information.

f. For an order directing Defendants to send corrected and updated information to all persons and entities to whom they have reported Plaintiff's inaccurate credit information within the last three (3) years.

g. For such other and further relief as the Court may deem just, proper, and equitable.

## **JURY DEMAND**

98. Plaintiff demands a jury trial on all issues so triable.

Dated: August 14, 2026

**KAZEROUNI LAW GROUP A.P.C.**

By: *[/s/ Abbas Kazerounian](#)*

Abbas Kazerounian, Esq.
(NY Bar # 5590104)
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Telephone: (800) 400-6808
ak@kazlg.com
*Attorney for Plaintiff*